```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

CLIFFORD SMITH,                  }
                                 }
     Plaintiff,                  }
                                 }      CIVIL ACTION NO.
v.                               }
                                 }      2:16-cv-342-WMA
WELLS FARGO,                     }
                                 }
     Defendant.                  }
```

## MEMORANDUM OPINION

Before the court is the putative conflict of *pro se* plaintiff Clifford Smith filed on February 26, 2016. (Doc. 1). On March 1, 2016, Magistrate Judge Ott entered an order to show cause why the action was not due to be dismissed for want of jurisdiction and also for failing to state a claim or being otherwise frivolous following a *sua spone* review pursuant to 28 U.S.C. § 1915(e). (Doc. 3). On March 18, 2016, Judge Ott entered a reassignment order for failing to respond to said show cause order. (Doc. 4). Accordingly, on the same day the Clerk reassigned the above-entitled case to the undersigned. (Doc. 5).

For the reasons stated below, the court will by separate order dismiss the putative action.

**I.   No Jurisdiction**

"Federal courts are courts of limited jurisdiction . . . [and] it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon

1

the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014).

First, Smith does not allege any specific statutory basis for jurisdiction, instead leaving blank the space on the complaint form containing a place to identify any specific statute(s) under which the court might have jurisdiction. (Doc. 1 at 2).

Smith also does not allege any colorable basis for jurisdiction per § 1331. Smith alleges defendant Wells Fargo "is a corporation incorporated under the laws of the United States of America." (Doc. 1 at 1). Even assuming Smith intends to sue "Wells Fargo Bank, N.A." and said bank is a national bank incorporated under federal law, "Congress ended national banks' automatic qualification for federal jurisdiction in 1882" leaving access to federal courts only on the basis of diversity of citizenship. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 310-11 (2006) (citing 28 U.S.C. § 1348).

Smith also does not allege any colorable basis for jurisdiction per § 1332. Even assuming that Smith and Wells Fargo

are of diverse citizenship, Smith has not demanded a specific sum of damages and there is nothing that would support, by a preponderance of the evidence, that Smith has lost or is otherwise seeking to recover an amount that might approach $75,000. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Accordingly, the action is due to be dismissed because there is no basis for jurisdiction.

## II.  Frivolousness and Failure to State a Claim

Where a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted;." 28 U.S.C § 1915(e)(2).  "A case is frivolous if (1) the factual allegations are 'clearly baseless' or (2) it is based on a[n] 'indisputably meritless legal theory.'" *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).  "A complaint fails to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Id.* (citing *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022-23 (11th Cir. 2001).

A review of the instant pleading makes clear from the face of the complaint that the claim is both without a factual or legal basis.  Smith's statement of his claim against Wells Fargo and his

3

demand for relief are mostly legible but they are difficult to understand. (Doc. 1). Smith alleges that he opened an account at a local Wells Fargo bank branch on December 7, 2015 and states that he and his stepmother, who is not a party, also have an account" at Wells Fargo. (Doc. 1 at 2-3). Smith appears to state that he "prefer[s] to close both accounts at Wells Fargo" and "want[s] the court To effectuate change in This series of Transaction behavior To foment a closing of Both accounts receivable." (Doc. 1 at 3). As far as the court can tell, Smith has brought this federal lawsuit because he wants the court to order certain bank accounts closed, however Smith does not allege any facts or cite any law even hinting that Wells Fargo has engaged in unlawful activity. Therefore, the action is due to be dismissed *sua sponte* because Smith's allegations are frivolous and fail to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, the court by separate order shall dismiss the above-entitled case.

**DONE** this 1st day of April, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE